IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SHAM MANGALVEDKAR,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:15-CV-0944-L** |
| | § | |
| **MAXINE CHOUSAND, M.D., and** | § | |
| **MAXIM PHYSICIAN RESOURCES, LLC,** | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court are Defendant Maxim Physician Resources, LLC's Motion to Dismiss Plaintiff's Amended Complaint Under Federal Rules 12(b)(1) and 12(b)(6) (Doc. 8), filed June 1, 2015; Defendant Maxine Chousand's Motion to Dismiss (Doc. 9), filed June 4, 2015; and Chousand's Motion to Dismiss Plaintiff's Amended Complaint (Doc 13), filed June 23, 2015. After careful consideration of the motions, pleadings, and applicable law, the court **grants** Defendant Maxim's Motion to Dismiss Plaintiff's Amended Complaint and Defendant Chousand's Motion to Dismiss Plaintiff's Amended Complaint, and **denies as moot** Chousand's Motion to Dismiss.

## I. Factual and Procedural Background

Plaintiff Sham Mangalvedkar ("Plaintiff" or "Mangalvedkar") brought this action against Defendants Maxine Chousand ("Chousand") and Maxim Physician Resources, LLC ("Maxim") (collectively, "Defendants") on March 25, 2015, asserting claims for violations of Title VII of the Civil Rights Act of 1964 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). On May 18, 2015, Mangalvedkar amended his complaint to

include a claim for violations of 42 U.S.C. § 1981. Plaintiff asserts his Title VII and § 1981 claims against Maxim and his *Bivens* claim against Chousand.

Plaintiff's Amended Complaint alleges that Defendants wrongfully terminated his engagement with the Department of Veteran Affairs in Dallas, Texas ("VA Dallas"). Plaintiff is an Indian-American physician and provided services to Maxim and its clients pursuant to an Independent Contractor Agreement (the "Agreement") signed on or about March 10, 2010. Pursuant to the Agreement, Plaintiff provided services to VA Dallas under Chousand's supervision.

On November 21, 2011, Plaintiff was also hired by the Department of Veteran Affairs in Montgomery, Alabama ("VA Alabama"). Plaintiff alleges that his engagement with VA Alabama was terminated in violation of federal and civil rights laws for which he has pursued legal action in the appropriate forums. Plaintiff further alleges that Chousand learned of his termination from VA Alabama after speaking with someone from that facility. Mangalvedkar alleges that Chousand spoke with him regarding his termination from VA Alabama, and she disclosed that the contact from VA Alabama informed her that he "should not be hired or allowed to work at the VA facilities in Dallas, TX." Am. Coml. ¶ 15. Plaintiff alleges that he was scheduled to provide services to VA Dallas for March 2012 and onward but subsequent to his conversation with Chousand was never called for service, effectively terminating him without notice. Defendants move for dismissal of Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## II. Legal Standards

### A. Rule 12(b)(1) - Subject Matter Jurisdiction

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

Federal courts may also exercise subject matter jurisdiction over a civil action removed from a state court. Unless Congress provides otherwise, a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.") (citation omitted).

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001) (citation omitted). Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court is entitled to consider disputed facts as well as undisputed facts in the record and make findings of fact related to the jurisdictional issue. *Clark v. Tarrant Cnty.*, 798 F.2d 736, 741 (5th Cir. 1986). All factual allegations of the complaint, however, must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

**B. Rule 12(b)(6) - Failure to State a Claim and Statute of Limitations Defense**

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more

than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012)

(citation omitted). Further, it is well-established and '"clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record."' *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

A statute of limitations may support dismissal pursuant to Rule 12(b)(6) when it is evident from a plaintiff's pleadings that the action is time-barred and the pleadings fail to set forth or raise

some basis for tolling the statute. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (citations omitted).

## III. Defendants' Motions to Dismiss

### A. Plaintiff's Title VII Claim

Maxim contends that Plaintiff's Title VII claim should be dismissed because he does not have standing to bring a Title VII claim and that the court lacks subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies. In response, Plaintiff concedes that he lacks standing to bring a Title VII claim against Maxim because of his status as an independent contractor. As Plaintiff concedes that he does not have standing to bring a Title VII claim, the court need not address Maxim's jurisdictional argument.

Defendant Chousand does not address Plaintiff's Title VII claim in significant detail; however, she does contend that Plaintiff only mentioned her in passing but did not set forth any facts to allege that she violated Title VII or that she was his employer. As Plaintiff concedes that he does not have standing to pursue a Title VII claim, the court need not address Chousand's Motion to Dismiss in that regard.[*] Accordingly, Plaintiff's Title VII will be dismissed.

### B. Plaintiff's 42 U.S.C. § 1981 Claim

Maxim moves to dismiss Plaintiff's § 1981 claim because Plaintiff fails to state a plausible claim for which relief can be granted. To establish a prima facie claim of racial discrimination pursuant to § 1981, "a plaintiff must show: (1) that he is a racial minority; (2) that the defendant intended to discriminate against him on the basis of race; and (3) that the discrimination concerns

[*] In any event, Chousand, in her individual capacity, is not an "employer," and liability cannot be imposed pursuant to Title VII. *Huckabay v. Moore*, 142 F.3d 233, 241 (5th Cir. 1998). Further, although Chousand correctly sets forth the jurisdictional standard, she does not develop her argument as to why the court lacks jurisdiction.

one or more of the activities enumerated in the statute." *Wesley v. Gen. Drivers, Warehousemen & Helpers Local 745*, 660 F.3d 211, 213 (5th Cir. 2011) (internal citation omitted). Maxim contends that Plaintiff does not provide any factual allegations that it took any action toward him based on his race. Maxim further contends that Plaintiff affirmatively alleges that it discontinued his assignments with VA Dallas because Maxim learned he was terminated from a different Veterans Affairs facility. Maxim contends that learning of Plaintiff's termination from the other facility is a nondiscriminatory reason that has nothing to do with Plaintiff's race. In response, Plaintiff does not directly address Maxim's contentions regarding his § 1981 claim; however, he asserts that he has generally pleaded sufficient facts to satisfy Federal Rule of Civil Procedure 8(a) and has cited specific violations of his Due Process rights under the Fifth Amendment. In reply, Maxim contends that Plaintiff has effectively waived his § 1981 claim by failing to address its arguments in his response.

In his Amended Complaint, Plaintiff asserts that Maxim intentionally discriminated against him because of his "non-Caucasian race." Am. Compl. ¶ 20. He contends that his engagement with the VA Dallas improperly ended after Chousand learned of his termination with VA Alabama. Plaintiff does not provide sufficient allegations or instances of racial discrimination in his Amended Complaint or response. He only makes conclusory statements, which are insufficient to state a claim upon which relief may be granted. *Webb v. Livingston*, 618 F. App'x 201, 207 (5th Cir. 2015) (internal citations omitted). Accordingly, Maxim's Motion to Dismiss as to Plaintiff's § 1981 claim will be granted, and that claim will be dismissed.

### C. Plaintiff's *Bivens* Claim

Maxim moves to dismiss Plaintiff's *Bivens* claim because Plaintiff fails to state a plausible claim, controlling Supreme Court precedent does not authorize *Bivens* claims against private

corporate defendants, and the claim is barred by the statute of limitations. Plaintiff's Amended Complaint, however, does not allege a claim against Maxim and specifically asserts this claim against Chousand. Accordingly, the court will address Plaintiff's *Bivens* claim with respect to Chousand's Motion to Dismiss Plaintiff's Amended Complaint.

Chousand contends that Plaintiff's *Bivens* claim should be dismissed because it is barred by the statute of limitations, he fails to state a claim upon which relief can be granted, has not been deprived any constitutional right or interest, an alternative cause of action is available, and the claim is barred by qualified immunity. A *Bivens* action is "an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). The statute of limitations for a *Bivens* action is governed by the applicable state statute of limitations. *Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999). Applying Texas law, the statute of limitations for a *Bivens* claims is two years. *Id.* Plaintiff's claims accrued in March 2012, when he no longer received assignments from the VA Dallas. Am. Compl. ¶¶ 16, 17. Construing Plaintiff's pleadings in the light most favorable to him, the latest date his claim would have arisen was March 31, 2012. Under the applicable Texas statute of limitations, Texas Civil Practice and Remedies Code § 16.003, the deadline for Mangalvedkar to file his *Bivens* claims was March 31, 2014. As Plaintiff did not file this action until March 25, 2015, his *Bivens* claim is barred by the applicable two-year statute of limitations.

In his Amended Complaint, Plaintiff alleges that his claim should be governed by a four-year statute of limitations because the claim arises from a breach of fiduciary duty. Am. Compl. ¶ 25. Chousand contends that it is dubious that VA Dallas would owe a subcontractor a fiduciary duty under Texas law. She further contends that pursuant to *Owens v. Okure*, 488 U.S. 235 (1989),

constitutional claims are not governed by multiple statutes of limitations based on the nature of the injury.

In his response, Plaintiff acknowledges that the statute of limitations for a *Bivens* action is the same as the statute of limitations for a claim brought under 42 U.S.C. § 1983 ("§1983"). The court agrees with his proposition. *See Starks v. Hollier*, 295 F. App'x 664, 665 (citation omitted) (stating that a *Bivens* action is analogous to an action under §1983 and that federal courts should apply the general personal injury limitations period and tolling provisions of the forum state to both claims). The statute of limitations for a suit brought pursuant to §1983 is governed by the personal injury statute of the forum state. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). The statute of limitations for personal injury claims in Texas is two years. *Id.* Plaintiff argues that his claim has not yet accrued because he never received a notice of termination, or in the alternative, equitable tolling should apply to his *Bivens* claim because neither he nor Chousand can point to an exact date when he was aware of his claim and he has diligently pursued legal recourse against VA Alabama and VA Dallas by filing multiple legal actions.

A claim brought pursuant to §1983 accrues "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know he has been injured." *Spotts v. United States*, 613 F.3d 559, 574 (5th Cir. 2010) (internal quotations and citations omitted). Here, Plaintiff alleges that his engagement with VA Dallas ended following his conversation with Chousand. Based on the facts alleged in Plaintiff's Amended Complaint, it is clear that he was aware that his alleged injury occurred in March 2012, when he no longer received assignments from VA Dallas. Am. Compl. ¶¶ 16, 17.

Mangalvedkar's equitable tolling argument is without merit. Equitable tolling "preserves a plaintiff's claims whe[n] strict application of the statute of limitations would be inequitable."

*Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995) (internal citations omitted). The doctrine principally applies "where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). Plaintiff does not allege any facts from which the court can reasonably infer that he was misled by Chousand or prevented in any way from asserting his rights. As Mangalvedkar states in his response, he has pursued his legal rights and filed a number of suits in federal court. Pl.'s Resp. to Chousand's Mot. to Dismiss 5. Accordingly, the court determines that equitable tolling does not apply, and Plaintiff's *Bivens* action is barred by the statute of limitations.

Chousand raises a number of defenses, including qualified immunity, failure to state a claim, and lack of a constitutional interest at issue; however, as the court determines Plaintiff's claim is barred by the statute of limitations, it need not address the other defenses to this claim. Chousand's Motion to Dismiss Plaintiff's Amended Complaint as to Plaintiff's *Bivens* claim will be granted, and the claim will be dismissed. Further, Chousand's Motion to Dismiss (Doc. 9) is now moot and will be denied.

**D. Amendment of Pleadings**

In response to Defendants' motions to dismiss, Plaintiff did not request to amend his pleadings in the event the court determined that he failed to state a claim. The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following:

"undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc*., 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

As previously stated, Plaintiff has not requested an opportunity to amend his pleadings. Plaintiff stands on the strength of his pleadings and affirmatively states, "The underlying facts giving rise to Plaintiff's claims are sufficiently described in Plaintiff's Complaint, as amended." Pl.'s Resp. 1. The court construes this statement to mean that Plaintiff has pleaded his "best case," and that he is "stand[ing] by [his] [] Amended Complaint and risk[ing] an adverse ruling." *Schiller*, 342 F.3d at 567. As the Fifth Circuit has aptly stated, "At some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986). Since Plaintiff stands on the allegations of his Amended Complaint and does not request to amend his pleadings, the court concludes that Mangalvedkar has pleaded his "best case" and that further attempts to amend would be futile and would unnecessarily delay the resolution of this action.

## IV. Conclusion

For the reasons stated herein, the court **grants** Defendant Maxim's Motion to Dismiss Plaintiff's Amended Complaint; **grants** Defendant Chousand's Motion to Dismiss Plaintiff's Amended Complaint; **denies as moot** Defendant Chousand's Motion to Dismiss; and **dismisses** this action **with prejudice**. Pursuant to Rule 58(a) of the Federal Rules of Civil Procedure, the court will issue judgment by separate document.

**It is so ordered** this 19th day of February, 2016.

Sam A. Lindsay
United States District Judge